IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK OPUNUI, JR.,<br><br>Defendant. | Case No. 20-cr-00122-DKW-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
|---|---|

Defendant Patrick Opunui, Jr. moves for compassionate release from his sentence, pursuant to 18 U.S.C. Section 3582(c)(1)(A), suggesting that the coronavirus that he contracted while in custody has caused hypertension, high cholesterol, and diabetes, which have placed him at increased risk for heart attacks. Opunui's assertions are baseless, if not absurd. First, the medical conditions of which Opunui complains were *pre-existing* and were not caused by the coronavirus. Second, Opunui offers no evidence that these conditions were exacerbated by the coronavirus or that they are not being properly managed by the Bureau of Prisons. Third, the evidence shows that Opunui contracted the coronavirus *without symptoms* and has now recovered. Fourth, the sentencing factors under 18 U.S.C. Section 3553(a), which the Court must consider in

addressing a motion such as this and which Opunui does not discuss, do not support Opunui's early release from prison when he has served just a third of his sentence. Therefore, as more fully discussed below, the motion for compassionate release, Dkt. No. 64, is DENIED.

**RELEVANT BACKGROUND**

On April 27, 2021, Opunui was sentenced to 87 months' imprisonment after pleading guilty to (1) possession with intent to distribute five grams or more of methamphetamine and (2) being a felon in possession of a firearm and ammunition. Dkt. No. 58. In adopting the pre-sentence investigation report (PSR) at sentencing, the Court applied a two-point offense level increase due to Opunui's possession of 13 firearms and ammunition. Dkt. No. 55 at ¶ 27; Dkt. No. 59 at 1 (adopting the PSR without change). In addition, the Court adopted the findings in the PSR regarding Opunui's criminal history. That history included, among other things, throwing Molotov cocktails at an occupied tent, burning it down and destroying its contents, together with assaulting an individual with a baseball bat. Dkt. No. 55 at ¶ 43.[1] After weighing the relevant sentencing factors under 18 U.S.C. Section 3553(a), the Court sentenced Opunui to 87 months'

[1]In addition, the PSR stated that Opunui did not graduate from high school and has been unemployed for at least the last decade. Dkt. No. 55 at ¶¶ 66-68.

imprisonment–a sentence at the bottom of his guideline imprisonment range of 87 to 108 months. Dkt. No. 58 at 3; Dkt. No. 55 at ¶ 74.

On March 21, 2022, Opunui filed the instant motion for compassionate release ("motion"). Dkt. No. 64. On April 21, 2022, the government filed a response in opposition to the motion. Dkt. No. 73. The deadline for Opunui to file an optional reply was May 6, 2022, Dkt. No. 65, but, as of the date of this Order, a reply has not been filed. This Order follows.

## LEGAL STANDARD

Pursuant to Section 3582(c), a court may not modify a term of imprisonment, except, as pertinent here, when: (1) the defendant exhausts administrative rights to the extent set forth in the statute;[2] (2) the Court considers the factors set forth in 18 U.S.C. Section 3553(a); and (3) the Court finds "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).[3]

---

[2]The government does not dispute that Opunui has exhausted his administrative remedies with respect to the instant motion. Dkt. No. 73 at 9. Therefore, the Court does not further address exhaustion herein.

[3]The statute also requires that a sentence reduction be "consistent with applicable policy statements" of the U.S. Sentencing Commission, but the Ninth Circuit has concluded that an "applicable" policy statement does not exist for motions brought by a defendant under Section 3582(c)(1)(A). *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Instead, the Sentencing Commission's statements "may inform a district court's discretion" in addressing motions brought under Section 3582(c)(1)(A). *Id.*

**DISCUSSION**

Opunui moves for compassionate release due to the coronavirus. More specifically, Opunui appears to suggest that, "[a]s a result," of having tested positive for the coronavirus in January 2022, *see* Dkt. No. 73-1 at 1, "I have hypertension and high cholesterol and diabetes." Dkt. No. 64 at 5. To the extent this statement is meant to imply that Opunui has these conditions *because of* contracting coronavirus, the statement is inaccurate. At the time of sentencing in early 2021, the PSR noted that Opunui already reported suffering from each of these conditions. Dkt. No. 55 at ¶ 58. Nor does Opunui offer any evidence that these conditions worsened as a result of his bout with the coronavirus or that the Bureau of Prisons has failed to manage them.

In fact, Opunui's medical records reflect that during his infliction with the coronavirus, he was "asymptomatic," and the condition has now resolved. Dkt. No. 73-1 at 4-5. These same medical records show that, while Opunui has received the single-dose Johnson & Johnson vaccine, he has declined a booster shot that would better protect him from the worse consequences of re-infection.[4] Further, Opunui is currently incarcerated at FDC Honolulu. As of the date of this Order, that institution has a total of four coronavirus cases. *See*

[4] On January 10, 2022, Opunui also declined to take an influenza vaccination. Dkt. No. 73-1 at 6.

https://www.bop.gov/coronavirus (last visited May 9, 2022). The Court does not find that number to be an extraordinary and compelling reason to reduce Opunui's sentence, particularly in light of the other reasons discussed herein.

Opunui's motion does not address the sentencing factors under Section 3553(a). That may be because those factors certainly do not support an early release from the 87-month sentence imposed just over a year ago. Notably, as mentioned, when arrested, Opunui was in possession of *thirteen* firearms, including semiautomatic handguns, revolvers, rifles and a shotgun, along with more than a thousand rounds of ammunition–an extremely large number, particularly given Opunui's status as a felon. *See* Dkt. No. 55 at ¶ 13. In addition, Opunui's criminal history includes instances of violence, including throwing burning Molotov cocktails at an occupied tent, a lack of verified employment, and little education. As such, the Court does not find that the Section 3553(a) factors, which include protecting the public from future crimes of the defendant and providing the defendant with needed training, would be satisfied by early release.

Opunui's motion for compassionate release, Dkt. No. 64, is DENIED. Opunui's as-construed motion to seal records, Dkt. Nos. 64-1 & 64-2, is GRANTED.

IT IS SO ORDERED.

DATED: May 9, 2022 at Honolulu, Hawai‘i.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

Derrick K. Watson
United States District Judge